UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG TAN NGUYEN<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, in his official capacity as Acting Attorney General, MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security, U.S. DEPARTMENT OF HOMELAND SECURITY, SCOTT FRAUENHEIM, in his official capacity as Warden of Central Valley Annex, SERGIO ALBARRAN**,** in his official capacity as ICE Field Office Director<br><br>Respondents. | No. 1:26-cv-04724-DJC-JDP<br><br><u>RELEASE ORDER</u><br><br>A#: 020-180-531 |

Petitioner Hung Tan Nguyen is a noncitizen detainee proceeding under a Petition for Writ of Habeas Corpus. (Pet. (ECF No. 1).) Since the Government has not shown that Petitioner's re-detention is lawful under 8 C.F.R. § 241.13, this Court grants the Petition as to the Second Cause of Action and orders release.

///

**BACKGROUND**

Petitioner, a noncitizen originally from Vietnam, is presently in the custody of Immigration and Customs Enforcement ("ICE"). (Pet. ¶¶ 2, 5.) He was admitted to the country as a child on a derivative fiancée visa and adjusted status to lawful permanent resident in 1973. (Pet. ¶ 2.) He was placed in removal proceedings after being convicted of two crimes involving moral turpitude. (*Id.*) An immigration judge issued an in abstentia removal order on August 21, 2001. (*Id.*; Opp'n, Ex. A (ECF 7-1) at 1.) Petitioner was detained by ICE around September 2005 and released on an Order of Supervision on December 12, 2005 based on the unforeseeability of his removal. (Pet. ¶ 3; Pet, Ex. E.)

On February 6, 2026, Petitioner was detained during an ICE check-in. (Opp'n (ECF No. 7) at 2.) Petitioner states he was detained even though "ICE had no particularized evidence that Petitioner could be deported to Vietnam or any country at the time they detained him, given the January 2026 consular letter indicating that no travel documents would be provided to Petitioner." (Pet. ¶ 8). Petitioner submits a letter from the Consulate of Vietnam dated January 19, 2026, in which the Consulate acknowledged that they have received a passport application from Petitioner but explained that "under the current Vietnam Regulation, the applicant does not meet the requirement for the procedure. Hence, the Consulate will not be able to issue a Vietnamese passport or any travel documents for Mr. Hung T Nguyen." (Pet., Ex. G (ECF. No. 1-1) at 25.)

On February 23, 2026, Petitioner moved to reopen the in-absentia order asserting lack of notice; the motion was denied on July 13, 2026. (Opp'n at 2.) This Court ordered a status update on the motion to reopen, and Petitioner affirmed that "[n]o appeal was filed of the denial of the motion to reopen." (Order (ECF No. 9); Resp. (ECF No. 10).) The briefing on this matter is now complete. (Pet.; Mot. (ECF No. 2); Opp'n; Reply (ECF No. 8).)

///

**DISCUSSION**

Respondents argue that Petitioner's detention authority is governed by 8 U.S.C. § 1226 because he is currently in removal proceedings rather than 8 U.S.C. § 1231, because his window to appeal the Immigration Judge's denial of his motion to reopen had not passed, and therefore his removal order is not final. (Opp'n at 2.) The Court does not address this argument as it is now moot: the window for Petitioner's appeal has passed, and Petitioner has confirmed that he has not filed an appeal. (ECF No. 10.) The passing of Petitioner's appeal window also renders moot Respondents' argument that Petitioner is mandatorily detained under 8 U.S.C. § 1226(c)(1). (Opp'n at 3.) Because Petitioner's removal order is final, his detention is governed by 8 U.S.C. § 1231. As the Supreme Court has explained, "U.S. immigration law . . . authorizes the Government to detain certain aliens already in the country" pursuant to "§§ 1226(a) and (c)" only "pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) Once a detainee "is subject to a final order of removal, then his current detention is based on that final order of removal, under § 1231(a)(2)." *Harrison v. Sessions*, No. 18-cv-01180-GPG, 2018 WL 10436293, at *2 (D. Colo. June 7, 2018) (citing *De la Teja v. United States*, 321 F.3d 1357, 1364 (11th Cir. 2003).)

Since Petitioner's removal order is final, the revocation of his release is governed by section in 8 C.F.R. § 241.13. *See Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *3 (E.D. Cal. July 16, 2025.) Section 241.13(i)(2) provides that such revocation is permissible "if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." Where ICE has made a determination that a change of circumstances has occurred, the Court reviews that claim in light of the factors described in 8 C.F.R. § 241.13(f). *See Hoac*, 2025 WL 1993771, at *3. These factors include, but are not limited to:

> [T]he history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries,

> including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.

8 C.F.R. § 241.13(f).

Here, Respondents have been unable to remove Petitioner for over 25 years. The Consulate of Vietnam has recently confirmed that Petitioner does not qualify for travel documents to Vietnam. (Pet., Ex. G, at 25.) Respondents have not provided any evidence of changed circumstances showing that removal is reasonably foreseeable or that removal to other countries is feasible. Therefore, the Court holds that the Government has not met its burden to show changed circumstances pursuant to section 241.13. *See Sanchez v. Wofford,* No. 1:26-cv-02111-DJC-AC, 2026 WL 816710, at *2 (E.D. Cal. Mar. 24, 2026) (holding that Respondents did not meet their burden under section 241.13 where "Respondents do not present argument or evidence that removal to Venezuela is at all foreseeable.") Accordingly, Petitioner has established that his present detention violates 8 C.F.R. § 241.13 and is unlawful.

## CONCLUSION

IT IS HEREBY ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to the Second Cause of Action.[1]
2. Respondents are ordered to immediately release Hung Tan Nguyen from their custody. Respondents shall not impose additional restrictions on him than were already present prior to Petitioner's current detention, unless they are determined to be necessary at a future pre-deprivation/custody hearing.

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief Petitioner has raised.

3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner without a change in circumstances to warrant Petitioner's re-detention.
4. The Clerk is directed to serve California City Detention Facility with a copy of this Order.
5. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **August 31, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC-10-Nguyen-126-cv-04724.merits